IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSE LEE KEEL, III,** : | |
|     **Plaintiff** : | |
| : | |
| v. : | **CIVIL ACTION NO. 19-CV-4797** |
| : | |
| **SETH RUTH WILLIAMS, *et al.*,** : | |
|     **Defendants.** : | |

### MEMORANDUM

**PRATTER, J.**                                                                                 OCTOBER 31, 2019

Plaintiff Jesse Lee Keel, III, a self-represented litigant, has lodged an unclear Complaint based mostly on exhibits, as is characteristic of his filings in this Court. Mr. Keel seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis* and dismiss his Complaint. Mr. Keel also filed a Motion, which is based on exhibits and which is unclear. The Court will deny that Motion.

### I.     FACTS

The manner in which Mr. Keel's Complaint is pled makes it difficult to understand. It appears that Mr. Keel is primarily challenging matters related to his prosecution and conviction. Mr. Keel claims that he was wrongfully imprisoned for a period of two-and-a-half to three years. Mr. Keel has attached numerous documents to his Complaint, including documents filed in a prior case in which Mr. Keel sought a writ of *habeas corpus*. *See Keel v. Delaney*, E.D. Pa. Civ. A. No. 17-2779. In that case, Mr. Keel challenged his 2016 guilty pleas to assault and other charges in two state criminal cases. *Id.* (ECF No. 13 at 1-2); *see also Commonwealth v. Keel*, CP-51-CR-0011257-2015 & CP-51-CR-0011256-2015 (Phila. Ct. of Common Pleas). Attorneys from the Federal Community Defender Office were appointed to represent Mr. Keel, but they were recently permitted to withdraw from that representation after filing an amended petition for

a writ of *habeas corpus* on Mr. Keel's behalf. (ECF Nos. 28 & 30.) Mr. Keel's *habeas* case is still pending.[1]

Mr. Keel's Complaint in the instant civil action names as Defendants: (1) Seth Williams, the former Philadelphia District Attorney; (2) Jessica Chung, who appears to be a prosecutor; (3) William D. Hobson, who appears to be one of Mr. Keel's attorneys; (4) Gianna Parisse, identified as a court reporter; (5) Aly Williams, identified as a Clerk; (6) David W. Barrish; (7) Arianna J. Freeman, one of the attorneys appointed to represent Mr. Keel in his *habeas* case; and (8) the Federal Community Defender Office. Mr. Keel suggests that the Defendants committed identify theft and lied for purposes of stealing social security checks from his bank account. (Compl. ECF No. 2 at 3.)[2] He alleges that he was wrongfully arrested "as someone that [he is] not." (*Id.*) The dockets for Mr. Keel's underlying criminal cases indicate that he was arrested on July 20, 2015.

An attachment to the Complaint reflects that Mr. Keel made an inquiry to the Pennsylvania State Police to determine whether another individual used certain of his personal identifiers when arrested, and that the police were not able to substantiate his claim. (*Id.* at 18.) Mr. Keel also submitted documents related to housing and social security benefits, an order filed in another civil case that he previously filed, and documents that bear no apparent relation to his other allegations.[3] Mr. Keel appears to primarily be seeking monetary damages.

---

[1] Mr. Keel filed three other *habeas* cases in addition to his pending *habeas* case, all of which were dismissed. *See Keel v. Delaney*, E.D. Pa. Civ. A. No. 17-2688 (dismissed for failure to complete application on the Court's standard form); *Keel v. Commonwealth*, E.D. Pa. No. 17-2787 (dismissed for failure to state a cognizable claim); *Keel v. Dist. Att'y of the Cty. of Phila.*, E.D. Pa. Civ. A. No. 17-4316 (dismissed as duplicative of Civil Action Number 17-2779).

[2] The Court adopts the pagination assigned to Mr. Keel's Complaint by the CM/ECF system.

[3] Mr. Keel has file numerous civil actions in this Court. His complaints are often confusing, and many repeat the same or similar themes concerning his 2015 prosecutions, alleged identity theft and/or theft of his social security payments. *See Keel v. Direct Express Bank Fraud Servs.*

2

## II.  STANDARD OF REVIEW

The Court will grant Mr. Keel leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because Mr. Keel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

---

*Dep't*, E.D. Pa. Civ. A. No. 19-3813 (complaint alleging theft of money from Mr. Keel's account dismissed for lack of subject matter jurisdiction); *Keel v. Phila. Housing Auth.*, E.D. Pa. Civ. A. No. 19-1931 (dismissing case based on denial of housing and use of Mr. Keel's social security number); *Keel v. Franklen*, E.D. Pa. Civ. A. No. 17-3009 (complaint apparently based on misuse of Mr. Keel's identity dismissed); *Keel v. Commonwealth*, E.D. Pa. Civ. A. No. 17-2773 (Mr. Keel failed to file prison account statement to pursue claims related to his criminal cases); *Keel v. Feuerer*, E.D. Pa. Civ. A. No. 17-2373 (dismissing complaint challenging Keel's criminal proceedings and convictions as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Younger v. Harris*, 401 U.S. 37 (1971), based on prosecutorial immunity, and for failure to state a claim; Mr. Keel failed to file amended complaint); *Keel v. Chung*, E.D. Pa. Civ. A. No. 16-4013 (dismissing claims challenging Mr. Keel's 2015 prosecutions as barred by *Heck*); *Keel v. Hobson*, E.D. Pa. Civ. A. No. 16-3256 (Mr. Keel failed to return with prison account statement to proceed on claims against court appointed counsel); *Keel v. Druscey*, E.D. Pa. Civ. A. No. 16-1453 (consolidated with Civil Action Number 16-305); *Keel v. Commonwealth*, E.D. Pa. Civ. A. No. 16-1329 (same); *Keel v. Commonwealth*, E.D. Pa. Civ. A. No. 16-305 (Mr. Keel failed to file prisoner account statement to proceed on claims in part related to his prosecution); *Keel v. 1260 Housing Development Corp.*, E.D. Pa. Civ. A. No. 14-7396 (complaint based on loss of housing dismissed, Mr. Keel failed to file amended complaint); *Keel v. Commonwealth*, E.D. Pa. Civ. A. No. 12-1069 (case based on refusal to refund bail money dismissed); *Keel v. Aria Frankford Hospital*, E.D. Pa. Civ. A. No. 11-7148 (complaint against hospital based on misplacement of dentures dismissed as legally frivolous), *aff'd*, 3d Cir. No. 11-4404 (3d Cir. Mar. 13, 2012).

3

*See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.  DISCUSSION

Mr. Keel's claims fail for various reasons. Even affording the Complaint liberal construction, Mr. Keel has not sufficiently alleged what happened to him and how each Defendant was involved in the events giving rise to his claims. Mr. Keel also heavily relies on exhibits that are not clearly relevant to each other or to Mr. Keel's allegations. In sum, the Complaint is so disjointed and unclear that it does not comply with Federal Rule of Civil

4

Procedure 8. *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).").

To the extent the Court can discern any claims, those claims fail. Mr. Keel's Complaint is best construed as raising claims under 42 U.S.C. § 1983 based on his prosecution and convictions. However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[4] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, Mr. Keel's convictions have not been overturned—indeed, his *habeas* case is currently pending—so his claims are not currently cognizable under § 1983. In any event, Mr. Keel's claims against prosecutors who prosecuted him fail because they are barred by absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009) (explaining that District Attorneys and other supervisory prosecutors are entitled to absolute

---

[4] To the extent Mr. Keel is challenging his 2015 arrest and those claims are not barred by *Heck*, his claims are time-barred. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *see also* 42 Pa. Cons. Stat. § 5524 (establishing two-year statute of limitations).

5

immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case"). Mr. Keel's claims against his attorneys also fail because those attorneys are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

In sum, Mr. Keel cannot maintain a § 1983 claim based on his prosecution, convictions and imprisonment unless and until he successfully challenges those convictions in his *habeas* action or in state court. To the extent Mr. Keel is raising any other basis for a claim, his claims are too unclear to proceed. The Court concludes that any attempt at amendment would be futile because Mr. Keel cannot cure the defects in his claims and because his litigation history suggests that amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis* and dismiss his Complaint. His claims are dismissed with prejudice with the exception of claims dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which will be dismissed without prejudice. Mr. Keel's Motion (ECF No. 4), which seeks unclear relief and relies predominately on exhibits is denied. Notably, Mr. Keel appears to be seeking relief in his *habeas* case, Civil Action Number 17-2779. His filing was also docketed in that case and will

6

presumably be addressed by the District Judge or Magistrate Judge presiding over that case. An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

_____
GENE E.K. PRATTER, J.